[Cite as *Chisholm v. Cleveland Clinic Found.*, 2017-Ohio-8060.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105106**

## JANICE CHISHOLM

PLAINTIFF-APPELLANT

vs.

## CLEVELAND CLINIC FOUNDATION

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-849129

**BEFORE:** Jones, J., Blackmon, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 5, 2017

**ATTORNEY FOR APPELLANT**

Nancy C. Schuster
Schuster & Simmons Co.
2913 Clinton Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Ryan T. Smith
Michael N. Chesney
Frantz Ward L.L.P.
200 Public Square, Suite 3000
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, Janice Chisholm ("Chisholm"), appeals the trial court's decision to grant summary judgment in favor of the Cleveland Clinic Foundation ("Clinic"). For the following reasons, we reverse.

{¶2} Chisholm, an African American, was employed by the Clinic as a pharmacy technician until her employment was terminated after a position-wide background screen disclosed a prior felony conviction. In July 2015, Chisholm filed suit against the Clinic, claiming the Clinic terminated her employment because of her race.

{¶3} The Clinic provides healthcare services in Cleveland and numerous other national and international markets. Due to its size, the Clinic is divided into various entities. The Cleveland Clinic Health System East Region, Inc., includes the Euclid, Hillcrest, Huron (now closed), and South Pointe facilities in Northeast Ohio. Beginning in June 2000, Chisholm was employed at the Clinic's South Pointe Facility as a pharmacy technician. In this role, her duties included preparing and mixing intravenous medicines, filling prescription orders, loading mobile carts containing prescription drugs, assisting pharmacists, and preparing chemotherapy medicines. Chisholm earned five merit-based raises during her tenure at the Clinic and received multiple positive performance evaluations.

{¶4} In early 2009, the Ohio legislature enacted Emily's Law, which arose from a tragic medication error by a Cleveland-based pharmacy technician that resulted in the death of a young child. The bulk of Emily's Law is embodied in R.C. 4729.42 and places

several new restrictions on the employment of current and prospective pharmacy technicians. One restriction is that all technicians must pass a state-approved competency examination. R.C. 4729.42(A)(3). Another restriction is that pharmacy technicians must undergo criminal background checks and those who have been convicted of or pleaded guilty to a felony are disqualified. R.C. 4729.42(A)(4). The statute, however, excepts background checks for those who have been employed as pharmacy technicians by their present employers for at least five years. R.C. 4729.42(F)(5)(a). It is undisputed that Chisholm fell under this exception.

{¶5} The Clinic decided to require pharmacy technicians to maintain their certification after taking the competency exam and further, that all pharmacy technicians, regardless of tenure, would have to undergo criminal background checks and any pharmacy technicians with felony criminal records would be terminated.

{¶6} The Clinic applied these standards across all its pharmacies, including the pharmacy department at the South Pointe facility. Throughout 2009, pharmacy technicians who were not already certified took the competency examination, and only those who passed remained in their positions. Technicians were also fingerprinted for a criminal background check.

{¶7} On October 14, 2009, the Clinic received a copy of Chisholm's criminal history, which showed that she had three misdemeanor convictions from the mid-1980s and a 1993 felony endangering children conviction. According to Chisholm, the Clinic was aware of her felony conviction because she had disclosed the conviction to the Clinic

prior to her employment and the Clinic still hired her.

**{¶8}** According to the Clinic, one other pharmacy technician's criminal history revealed a felony conviction. That employee, Darlene Kent, who is also African American, worked at the Clinic's Hillcrest facility. The Clinic removed both Chisholm and Kent from their pharmacy technician positions and transferred Kent to another available position in the Hillcrest pharmacy. According to the Clinic, the pharmacy had no other positions for which Chisholm was qualified, so the Clinic gave Chisholm ten weeks of severance pay and benefits. The Clinic also offered Chisholm the opportunity to multiple-bid (i.e., simultaneously bid) on open positions as an internal candidate, but Chisholm did not apply for any other positions. The Clinic replaced Chisholm with another pharmacy technician who is also African American.

**{¶9}** On November 12, 2013, Chisholm filed suit against the Clinic in Case No. CV-13-817064. The Clinic moved for summary judgment. Chisholm dismissed the case without prejudice. Chisholm refiled her complaint on July 31, 2015, alleging that her termination was the result of racial discrimination, under the theory of either disparate treatment or disparate impact.

**{¶10}** The Clinic moved for summary judgment on April 4, 2016. Chisholm's brief in opposition to the Clinic's motion for summary judgment was due by May 4, 2016. On May 2, 2016, Chisholm's attorney was reviewing discovery when he noticed a "discrepancy" in the Clinic's discovery responses. This prompted him to contact the Clinic's attorney. The attorneys spoke the next day, May 3, 2016. It was then, counsel

for Chisholm averred, that he determined that the Clinic's discovery responses were incomplete because the Clinic had limited its responses in geographic scope to the Clinic's "East Region" hospitals, which included only 4 out of the 11 Cleveland area hospitals.

{¶11} The next day, May 4, 2016, Chisholm motioned the court pursuant to Civ.R. 56(F) to reopen discovery related to interrogatory Nos. 6 and 9, and stay the court's summary judgment ruling.

{¶12} The Clinic objected. In its brief in opposition, the Clinic argued that Chisholm had known that its responses to interrogatories had been limited in geographic scope since April 2014 when the Clinic originally responded to her interrogatories, which had been filed in Case No. CV-13-817064, because the Clinic had stated the limitation in its response.

{¶13} Interrogatory No. 6 requested the "name, race, last known address and telephone number, [Clinic] hospital or facility, exact job title, and hire and termination dates, of all [Clinic] employees terminated in whole or in any part as a result of the enactment of R.C. 4729.42." Interrogatory No. 9 requested the "name, race, age, gender, criminal history, and date of hire of all pharmacy technicians employed by [the Clinic] at any time from January 7, 2009 through the present."

{¶14} In its response to Interrogatories Nos. 6 and 9 the Clinic stated:
"Defendant states that its response to this interrogatory is subject to the limitation identified in Defendant's General Objections and Comments, including but not limited to

Objection B." Objection B reads:

> B. * * * Defendant additionally limits its responses hereto to the Cleveland Clinic Health System East Region, Inc., the entity that employed Plaintiff and which included the Euclid, Hillcrest, Huron, and South Pointe facilities.

{¶15} The court held an oral argument on the motions and subsequently denied Chisholm's motion to reopen discovery. The court gave Chisholm until August 5, 2016, to file her brief in opposition to summary judgment. Chisholm requested two extensions, which the trial court granted, until September 13, 2016.

{¶16} On September 23, 2016, Chisholm moved for leave to file instanter the brief in opposition to the Clinic's motion for summary judgment. In an order dated September 27, 2016, the trial court denied Chisholm's motion for leave, stating that Chisholm failed to file her brief by the extended deadline, despite multiple extensions. The court further stated that after fully considering the evidence and construing it in Chisholm's favor, she had failed to raise any material facts to support her race discrimination claims and granted the Clinic's motion for summary judgment.

{¶17} Chisholm now appeals, raising the following assignments of error for our review:

> I. The trial court erred when it denied Ms. Chisholm's [Civ.]R. 56(F) Motion for Stay on Summary Judgment and to Re-Open Discovery because (1) the evidence was necessary to prove Ms. Chisholm's claim; (2) the evidence was exclusively under the Clinic's control; and (3) the Motion specified how additional time would be used.

> II. The trial court should have denied summary judgment because Ms. Chisholm can make a prima facie case of discrimination.

III. The trial court should have granted Ms. Chisholm leave to file her prepared brief in opposition to the Clinic's motion for summary judgment.

{¶18} In the first assignment of error, Chisholm argues that the trial court erred when it denied her Civ.R. 56(F) motion.

{¶19} Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶20} "The trial court has wide discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F) and its decision will not be reversed absent an abuse of that discretion." *Scanlon v. Scanlon*, 2013-Ohio-2694, 993 N.E.2d 855, ¶ 24 (8th Dist.). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Ruwe v. Bd. of Twp. Trustees*, 29 Ohio St.3d 59, 61, 505 N.E.2d 957 (1987). While the trial court has discretion to determine whether additional time to gather rebuttal evidence is appropriate, "that discretion should be exercised liberally in favor of a nonmoving party who proposes any reasonable interval for the production of those materials," where there is a realistic possibility that genuine issues of material fact will require jury consideration. *Whiteleather v. Yosowitz*, 10 Ohio App.3d

272, 276, 461 N.E.2d 1331 (8th Dist.1983).

{¶21} In this case, Chisholm's attorney submitted his own affidavit in support of the Civ.R. 56(F) motion. He averred that he was reviewing the Clinic's discovery on May 2, 2016, when he discovered a discrepancy in the names of pharmacy technicians. He contacted the Clinic's attorney and realized that the Clinic had severely limited its discovery responses to interrogatories Nos. 6 and 9 by restricting the answers to the Clinic's "East Region" facilities. Thus, the Clinic's discovery responses were limited to three (the fourth facility, Huron, as mentioned, had closed) of the 11 hospitals in the Cleveland area and excluded the main campus of the Clinic. The Clinic's action, Chisholm argued, resulted in an inability to gather data sufficient to show her discrimination claims via statistical analysis.

{¶22} After a careful review of the record in this case, we find that the trial court abused its discretion in denying Chisholm's Civ.R. 56(F) motion. Although the Clinic stated in discovery under General Objection B that it was limiting "its responses hereto to the Cleveland Clinic Health System East Region, Inc., the entity that employed Plaintiff and which included the Euclid, Hillcrest, Huron, and South Pointe facilities," Chisholm had originally requested discovery as to each Cleveland Clinic facility. More importantly, the Clinic claimed in its motion for summary judgment that Chisholm's claim for discrimination based on disparate impact should fail because Chisholm failed to produce any statistical evidence that showed that the practice in question caused the alleged discrimination. It was evidence of this very practice, however, that Chisholm

sought to prove through discovery.

**{¶23}** The Clinic also claimed that Chisholm would be unable to prove her claim because she was the *only* employee terminated as a result of the Cleveland Clinic's new standards for the criminal backgrounds of pharmacy technicians (as mentioned, the other pharmacy technician with a felony record was retained by the Clinic). What the Clinic fails to mention, however, is whether Chisholm was the only Clinic employee terminated from the entire Cleveland Clinic system or the only Clinic employee terminated from the East Region. If the Clinic limited its discovery answers to the East Region, then it is also possible the Clinic failed to consider the remaining hospitals in its system, including main campus, in determining that Chisholm was the sole pharmacy technician terminated as a result of the Clinic's new policy.

**{¶24}** Consequently, Chisholm requested, but was denied, time to gather evidence that may have allowed her to establish a genuine issue of material fact; without such evidence, she was unable to challenge the Clinic's motion for summary judgment. We recognize that Chisholm's request for discovery to be reopened came three months after the discovery deadline had passed, but it was only 30 days after the Clinic moved for summary judgment and the day after counsel for Chisholm noticed the missing discovery. Given the relatively short period of time between the filing of the summary judgment motion and the request for a continuance, and Chisholm's inability to rebut the Clinic's arguments without the additional discovery, we find that the trial court's decision in this case was an abuse of discretion.

**{¶25}** Finally, we note that Chisholm requested discovery as to each Cleveland Clinic facility, which far outnumbers the 11 Cleveland-area facilities that Chisholm mentions on appeal. Whether Chisholm intends to limit her discovery to the 11 Cleveland-area Clinic facilities is best determined by the parties and the court on remand.

**{¶26}** Thus, although we express no opinion as to the overall merits of the claims for relief, we find that the trial court abused its discretion in failing to view the request liberally in favor of Chisholm.

**{¶27}** The first assignment of error is sustained. In light of our disposition of the first assignment of error, the second and third assignments of error, in which Chisholm contends that the trial court erred in granting the Clinic's motion for summary judgment and denying her motion for an extension of time to file her brief in opposition to summary judgment, are moot. *See* App.R. 12(A)(1)(c). Judgment reversed and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR