[Cite as *Chisholm v. Cleveland Clinic Found.*, 2019-Ohio-3369.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JANICE CHISHOLM, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 107901 |
| v. | : | |
| CLEVELAND CLINIC FOUNDATION, | : | |
| Defendant-Appellee. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 22, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-849129

---

### *Appearances:*

Schuster & Simmons Co., L.P.A., Nancy C. Schuster, and Jeffrey Panehal, *for appellant.*

Frantz Ward, L.L.P., Ryan T. Smith, and Michael N. Chesney, *for appellee.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, Janice Chisholm, appeals an order granting summary judgment in favor of defendant-appellee, the Cleveland Clinic Foundation, Inc. ("the Clinic"), and claims the following errors:

1. The trial court erred when it did not draw an inference from the evidence presented in the light most favorable to the non-movant or construe the competent evidence most strongly in the non-movant's favor.

2. The trial court erred in finding that Appellant failed to support her claim of disparate-impact discrimination with necessary statistical evidence.

3. The trial court erred in finding that Appellant failed to demonstrate a prima facie case of disparate treatment discrimination.

4. The trial court erred in finding that Appellant was required to demonstrate pretext, but could not do so, in order to succeed on her claim of disparate treatment discrimination.

{¶ 2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} Chisholm applied for a position as a pharmacy technician at the Clinic in the spring of 2000 and disclosed that she had been convicted of child endangering in 1993 in her employment application. Despite her felony conviction, the Clinic hired Chisholm and assigned her to work at South Pointe Hospital, one of the Clinic's eight community hospitals in the Cleveland area. During her first nine years at the Clinic, Chisholm received five merit-based raises and several positive performance evaluations.

{¶ 4} In April 2009, following a deadly medication error, the Ohio General Assembly enacted R.C. 4729.42, also known as Emily's Law. Emily's Law prohibited the hiring of pharmacy technicians, who had previously been convicted of a felony, and required presently employed technicians to undergo a criminal background

check. The law provided an exception, however, for those individuals who had worked as a pharmacy technician for the same employer for five or more years.

{¶ 5} After the passage of Emily's Law, the Clinic implemented its own felony-conviction policy, which exceeded the requirements of Emily's Law. The Clinic's policy prohibited the employment of any pharmacy technicians with felony convictions and required all of its technicians to undergo criminal background checks regardless of how long they had been employed at the hospital. Consequently, the Clinic terminated Chisholm's employment in November 2009, due to her 1993 felony conviction. The criminal background checks only revealed one other pharmacy technician with a felony conviction. That employee, D.K., worked as a pharmacy technician at Hillcrest Hospital. Both Chisholm and D.K. are African-American.

{¶ 6} In accordance with its new policy, the Clinic removed D.K. from her pharmacy technician position and transferred her to another position for which she was qualified at Hillcrest Hospital. As a result, D.K. suffered no loss of employment, pay, or benefits, and remained employed by the Clinic. South Pointe Hospital did not have any available positions for Chisholm. The Clinic replaced Chisholm with a pharmacy technician named S.W., who is also African-American.

{¶ 7} Because there were no transfer options at South Pointe Hospital, the Clinic provided Chisholm with ten weeks of full severance pay and health benefits. During this period, the Clinic also allowed Chisholm to "multiple-bid" (i.e., simultaneously bid on many jobs) on open positions as an internal candidate.

(Chisholm depo. at 138.) Applicants are generally only allowed to apply for one position at a time. (Calabrese aff. ¶ 13.) Thus, Chisholm had an advantage over other applicants seeking employment at the Clinic. (Calabrese aff. ¶ 13.) Nevertheless, Chisholm did not pursue any other positions within the Clinic until after the ten-week period had expired. (Chisholm depo. at 139.)

{¶ 8} Chisholm subsequently filed suit against the Clinic, claiming the Clinic terminated her employment on account of her race. Chisholm alleged that her termination "was the result of racial discrimination, manifested as either disparate treatment or disparate impact" because "the only pharmacy technicians who were affected by the Clinic's retroactive application of Emily's Law were African American." (Amended complaint ¶ 11, 12.)

{¶ 9} Following discovery, voluntary dismissal of the complaint pursuant to Civ.R. 41(A), refiling the complaint, and more discovery, the Clinic filed a motion for summary judgment. Thereafter, Chisholm moved the court, pursuant to Civ.R. 56(F), to reopen discovery related to the Clinic's responses to interrogatory Nos. 6 and 9. Interrogatory No. 6 sought the name, race, and hire and termination dates of all Clinic employees terminated, in whole or in part, as a result of Emily's Law. Interrogatory No. 9 requested the name, race, age, gender, criminal history, and date of hire of all pharmacy technicians employed by the Clinic at any time from January 7, 2009, through the present.

{¶ 10} The trial court denied Chisolm's motion to reopen discovery and thereafter granted the Clinic's motion for summary judgment. Chisholm appealed

both the summary judgment and the order denying her request to reopen discovery. This court found that the trial court abused its discretion in denying Chisholm's discovery motion and reversed its order granting summary judgment in favor of the Clinic due to the discovery issue. *See Chisholm v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 105106, 2017-Ohio-8060. This court concluded there was a possibility that allowing Chisholm to pursue a broader response to her interrogatories might reveal evidence of other employees who were terminated as a result of the heightened Emily's Law standards, and that such evidence might support Chisholm's claims. *Id.* at ¶ 22. Therefore, this court remanded the case to the trial court to allow Chisholm to attempt to obtain evidence to support her claims.

{¶ 11} On remand, the Clinic provided supplemental responses to Chisholm's discovery requests, including a spreadsheet identifying over 900 current and former pharmacy technicians that were employed in all Clinic locations where the Clinic's felony-conviction standard was applied. The new evidence did not reveal any additional employees who were negatively impacted by the Clinic's felony-conviction policy. Consequently, the Clinic filed another motion for summary judgment, which the trial court granted. The trial court found that Chisholm failed to establish a prima facie case of disparate-impact discrimination because she failed to support the claim with relevant statistical evidence. The court also found that she failed to establish a prima facie case of disparate-treatment discrimination because Chisholm had been replaced by a person within the protected class, and she failed

to demonstrate that a similarly situated individual from a nonprotected class was treated more favorably.

{¶ 12} Chisholm now appeals the trial court's judgment.

## II. Law and Analysis

### A. Standard of Review

{¶ 13} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 653 N.E.2d 1196 (1995), paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 696 N.E.2d 201 (1998). The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### B. Disparate Treatment

{¶ 14} Chisholm's first and third assignments of error relate to the trial court's finding that she failed to establish a prima facie case of disparate treatment and, therefore, failed to establish a prima facie case of racial discrimination. In the fourth assignment of error, Chisholm argues the trial court erred in finding that she

was required to demonstrate pretext in order to succeed on her claim of disparate-treatment discrimination, but failed to do so. We discuss these assigned errors together because they are interrelated.

{¶ 15} R.C. 4112.02(A) provides that it shall be an unlawful discriminatory practice to "discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment" because of race.

{¶ 16} To prevail on an employment-discrimination claim, the plaintiff must prove discriminatory intent through either direct or indirect methods of proof. *Housden v. Wilke Global, Inc.*, 2018-Ohio-3959, 111 N.E.3d 1264, ¶ 18 (10th Dist.). In the absence of direct evidence of discrimination, a plaintiff may establish discriminatory intent indirectly by using the analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which was adopted by the Ohio Supreme Court in *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.*, 66 Ohio St.2d 192, 197, 421 N.E.2d 128 (1981).

{¶ 17} A prima face case of racial discrimination under *McDonnell Douglas* requires the plaintiff to establish that she (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for the position lost (or not gained), and (4) that the position remained open or was filled by a person outside the protected class. *Id.* at 802. In disparate-treatment cases, the fourth

element may be established by showing that the plaintiff was treated less favorably than similarly situated individuals from a nonprotected class. *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 385 701 N.E.2d 1023 (8th Dist.1997). *See also Blake v. Beachwood City Schools Bd. of Edn.*, 8th Dist. Cuyahoga No. 95295, 2011-Ohio-1099, ¶ 19.

{¶ 18} If the plaintiff meets her burden of establishing a prima facie case of discrimination, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). "If the employer meets its burden, the plaintiff must then demonstrate that the reason the employer offered is pretextual and that the real reason was discriminatory in nature." *Lennon v. Cuyahoga Cty. Juvenile Court*, 8th Dist. Cuyahoga No. 86651, 2006-Ohio-2587, ¶ 9.

{¶ 19} It is undisputed that Chisholm, who is African-American, belongs to a protected class and suffered an adverse employment action when she was terminated from her employment at the Clinic. The parties dispute, however, whether Chisholm was qualified for the pharmacy technician position and whether Chisholm was replaced by a comparable, similarly situated, nonprotected employee who was treated more favorably than she.

{¶ 20} The Clinic argues Chisholm was not "qualified" for the pharmacy technician position because she is unable to meet the minimum requirements for that position due to her felony conviction. However, Chisholm's disqualification due

to a felony conviction resulted from the Clinic's more stringent application of Emily's Law, which Chisholm alleges was purposely implemented in a way that adversely impacted African-Americans, but not white Americans. She contends the manner in which the Clinic applied Emily's Law, which exceeded the requirements of R.C. 4729.42, constituted an adverse employment action. Indeed, Chisholm was qualified for the pharmacy technician position for nine years before the Clinic implemented its heightened version of Emily's Law, and the retroactive application of the Clinic's felony conviction policy caused her to be unqualified. Therefore, Chisholm was qualified for the position before the adverse employment action.

{¶ 21} Nevertheless, Chisholm cannot establish a prima facie case of disparate-treatment discrimination because she cannot demonstrate the "similarly situated" element of the disparate treatment test. Where an employer replaces the plaintiff with an employee of the same protected class, the plaintiff must demonstrate the existence of a similarly situated, nonprotected comparator, who was treated more favorably than the plaintiff. *Janezic v. Eaton Corp.*, 8th Dist. Cuyahoga No. 99897, 2013-Ohio-5436, ¶ 21, citing *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 451 N.E.2d 807 (1983). *See also Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-583 (6th Cir.1992.). Failure to identify a similarly situated comparator is fatal to the plaintiff's disparate-treatment claim. *Janezic* at ¶ 24-25 (affirming summary judgment in employer's favor where employee failed to identify a similarly situated comparator).

{¶ 22} "Similarly situated" employees are those who "'must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Valentine v. Westshore Primary Care Assoc.*, 8th Dist. Cuyahoga No. 8999, 2008-Ohio-4450, ¶ 89, quoting *Atkinson v. Akron Bd. of Edn.*, 9th Dist. Summit No. 22805, 2006-Ohio-1032, ¶ 28.

{¶ 23} The Clinic assigned an African-American employee, S.W., to replace Chisholm in the pharmacy at South Pointe Hospital. (Milner aff. ¶ 6.) Although S.W. was already working as a pharmacy technician prior to taking Chisholm's position, she only worked "as needed" to cover for regular pharmacy technicians when they were absent, or as she was otherwise needed in limited situations. (Milner aff. ¶ 4.) Following Chisholm's termination, S.W. applied for, and was hired to fill, the full-time vacancy left by Chisholm's separation. Therefore, the undisputed evidence shows that Chisholm was replaced by an African-American employee.

{¶ 24} Moreover, Chisholm was unable to identify any nonprotected pharmacy technicians that were treated more favorably than she. Chisholm testified at deposition, in relevant part:

Q: Are you aware of any white pharmacy technicians who were given other positions?

A: No. I don't recall.

* * *

Q:  Are you aware of any non-African-American pharmacy technicians who were treated more favorably relative to Emily's Law than you?

A:  I don't know.

(Chisholm depo. at 144-145.)

{¶ 25} The undisputed evidence shows that Chisholm was replaced by an individual of the same race and there is no evidence of a comparator that could establish disparate treatment.  Therefore, Chisholm's disparate-treatment claim fails as a matter of law.  And since Chisholm failed to establish a prima facie case of disparate-treatment discrimination, the burden did not shift to the Clinic to articulate a legitimate, nondiscriminatory reason for the adverse employment action, and Chisholm was not required to establish that the Clinic's reason for implementing its prior conviction standard was a pretext from some other discriminatory purpose.[1]

{¶ 26} The first, third, and fourth assignments of error are overruled.

## C. Disparate Impact

{¶ 27} Chisholm further argues the trial court erred in granting summary judgment in favor of the Clinic on her disparate-impact-discrimination claim.  She contends, in the second assignment of error, that the trial court erred in finding that

---

[1] The trial court's judgment was not based on Chisholm's failure to establish a pretext.  The trial court found that Chisholm failed to establish a prima facie case of disparate-treatment discrimination and stated that even if she had established a prima facie case, she failed to prove that the nondiscriminatory reason for the felony conviction policy, i.e., patient safety, was a pretext for a discriminatory motive.

she failed to support her claim of disparate-impact discrimination with necessary statistical evidence.

{¶ 28} Disparate-impact discrimination "involves employment practices that are facially neutral in their treatment of different groups but fall more harshly on one group." *Albaugh v. Columbus*, 10th Dist. Franklin No. 02AP-687, 2003-Ohio-1328, ¶ 11. Indeed, "some employment practices, adopted without a deliberately discriminatory motive, may in operation be functionally equivalent to intentional discrimination." *Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 988, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988).

{¶ 29} To establish a disparate-impact-discrimination claim, the plaintiff must identify a specific employment practice that is allegedly responsible for any observed disparity and present relevant statistical evidence sufficient to show that the employment practice in question caused the alleged discrimination. *Id.*; *see also Miller v. Potash Corp. of Saskatchewan, Inc.,* 3d Dist. Allen No. 1-09-58, 2010-Ohio-4291, ¶ 49, citing *Meacham v. Knolls Atomic Power Lab.,* 554 U.S. 84, 128 S.Ct. 2405, 171 L.Ed.2d 283 (2008).

{¶ 30} The statistical evidence offered in support of a disparate-impact-discrimination claim must be statistically significant. Statistical significance establishes that the outcome of a particular process is not due to chance, but rather is causally linked to the variable at issue * * * ." *Bert v. AK Steel Corp.*, S.D. Ohio No. 1:02-cv-00467, 2006 U.S. Dist. LEXIS 22904, *6 (Apr. 24, 2006). In other words, "statistical disparities must be sufficiently substantial that they raise such an

inference of causation." *Watson* at 994-995. "'An adverse effect on a single employee, or even a few employees, is not sufficient to establish disparate impact.'" *Warden v. Ohio Dept. of Natural Resources,* 10th Dist. Franklin No. 13AP-137, 2014-Ohio-35, ¶ 54, quoting *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 121 (3d Cir.1983).

{¶ 31} Chisholm contends that she and D.K., who is also African-American, were the only employees adversely affected by the Clinic's retroactive application of felony-conviction policy and that, therefore, "it is an undisputed fact that 100 [percent] of those removed were members of a protected class." (Appellant's brief at 14.) However, D.K. was not adversely affected by the Clinic's felony-conviction standard because she retained employment at the Clinic with no loss in pay or benefits.[2] (Jakubecz aff. ¶ 5, attached to the Clinic's first motion for summary judgment filed on April 4, 2016.) Therefore, Chisholm is the only employee whose employment was adversely affected by the Clinic's felony-conviction standard.

{¶ 32} Additionally, the statistical evidence shows that the Clinic conducted background checks on 916 pharmacy technicians, 234 of whom self-identified as African-American. Thus, 232 of 234 (99.1%) African-Americans were unaffected by the Clinic's felony-conviction standard. Chisholm offered no standard-deviation analysis of this data or any other analysis relevant to a disparate-impact claim. In other words, Chisholm failed to demonstrate that the numerical result is statistically

---

[2] D.K. became a billing clerk in the pharmacy at Hillcrest Hospital.

significant. A disparate-impact discrimination claim fails in the absence of significant statistical evidence. *Abram v. Greater Cleveland Regional Transit Auth.,* 8th Dist. Cuyahoga No. 80127, 2002-Ohio-2622, ¶ 48-49 (dismissing disparate-impact claim where numerical adverse impact was not statistically significant).

{¶ 33} Chisholm failed to present statistical evidence that could support a finding that the two felony disqualifications that occurred in this case were because of the individuals' race rather than random chance or some other variable. We, therefore, agree with the trial court's conclusion that Chisholm failed to support her claim of disparate-impact discrimination with significant statistical evidence.

{¶ 34} The second assignment of error is overruled.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR